1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL E. TOWNSELL,                          CASE NO. 09 CV 0793 JM (AJB)

12                              Plaintiff,         **ORDER GRANTING**
                                                   **DEFENDANTS' MOTIONS TO**
13          v.                                     **DISMISS AND REMANDING**
                                                   **REMAINING CLAIMS**
14
     RALPHS GROCERY COMPANY, FOOD 4                Doc. Nos. 4 and 9
15   LESS OF SOUTHERN CALIFORNIA, INC.,
     UNITED FOOD AND COMMERCIAL
16   WORKERS UNION 135, AND DOES 1-50,
     inclusive,
17
                              Defendants.
18
19          Plaintiff initiated this action before the San Diego Superior Court, raising various state law

20   claims against Defendants Ralphs Grocery Company ("Ralphs"), Food 4 Less of Southern California

21   ("Food 4 Less"), and United Food and Commercial Workers Union 135 ("Local 135"). ("Compl.,"

22   Doc. No. 1, Exh. A.) Plaintiff, formerly employed by Food 4 Less and a member of Local 135, alleges

23   he was subjected to racial discrimination and other forms of harassment and ultimately his

24   employment was wrongfully terminated. (Compl. at 5-10.) Additionally, he alleges Local 135 failed

25   to properly investigate or pursue the matter on his behalf. (Compl. ¶¶ 26-27, 32-33.)

26          Now pending before the court are two motions to dismiss, the first by Local 135 (Doc. Nos.

27   4-5) and the second by Ralphs and Food 4 Less (Doc. No. 9). To date, Plaintiff has filed no opposition

28   nor sought additional time to do so. When an opposing party does not file papers in the manner

     required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting

of a motion or other request for ruling by the court."  Civ.L.R. 7.1(f)(3)(c).  Notwithstanding Plaintiff's failure to respond, the court reviews the motions on the merits to ensure dismissal is appropriate.  Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court.  For the reasons set forth below, both motions to dismiss are **GRANTED** and the remaining state law claims are **REMANDED** to state court.

## I. BACKGROUND

For the purposes of reviewing the motions to dismiss, the court relates the following facts as presented in Plaintiff's Complaint.  From November 1, 2003 until January 11, 2008, Plaintiff was employed by Food 4 Less at various San Diego store locations.  (Compl. ¶ 19.)  In February 2007, Plaintiff was transferred to the Santee store, where he took a full-time meat clerk position.  (Compl. ¶ 20.) Thereafter, Plaintiff, the only African-American employee at the store, alleges he was subjected to racial insults and slurs by store managers and other employees.  (Compl. ¶ 21-22.)  When the Caucasian employee Plaintiff was hired to replace returned to the Santee store, Plaintiff's hours were reduced to part-time night shifts and the hours were not increased even when the former employee took several months' medical leave.  (Compl. ¶ 23-24.)  Soon after, the same employee falsely reported to the manager that Plaintiff was not completing his work assignments each day.  (Compl. ¶ 23.)  In addition, in July 2007, Plaintiff was falsely accused of sexually harassing an adolescent female customer, resulting in the issuance of a formal written reprimand.  (Compl. ¶ 26.)  Finally, in December 2007, the store managers began to complain Plaintiff was not completing his work each night.  (Compl. ¶ 28.)   Plaintiff felt there was too much work to complete within one shift, but the store managers would not authorize overtime and ultimately threatened termination if Plaintiff did not work more quickly.  (Compl. ¶ 28.)  To finish his work, then, Plaintiff worked through his lunch break (i.e. "off the clock").  (Compl. ¶ 28.)  The Complaint does not state how frequently Plaintiff took this remedial action.

On January 1, 2008, the store director and meat department manager suspended Plaintiff for approximately one week, based on further false allegations that Plaintiff had not been rotating the meat properly.  (Compl. ¶ 29.)  The store director informed Plaintiff that a recurrence would result in his termination.  (Compl. ¶ 29.)  Immediately upon his return to the store on January 7, Plaintiff was

1    suspended for another week without any explanation and was asked to return on January 11, 2008.

2    (Compl. ¶ 30.)  When Plaintiff arrived at work on January 11, he was called to the manager's office

3    and the assistant store manager informed him he had been terminated for "working off the clock."

4    (Compl. ¶ 31.)

5          Based on these allegations, Plaintiff advances the following claims against Ralphs and Food

6    4 Less:  1) racial discrimination; 2) retaliation for opposing racial discrimination and harassment; 3)

7    wrongful termination in violation of California's public policy against racial discrimination,

8    harassment, or retaliation; 4) intentional infliction of emotional distress; 5) negligent infliction of

9    emotional distress; 6) breach of an agreement not to terminate except for good cause; 7) breach of the

10   covenant of good faith and fair dealing; 8) negligently failing to investigate charges of sexual

11   harassment and resulting harassment; and 9) unfair competition in violation of California Business

12   and Professions Code § 17200.[1]

13         As a member of Local 135, Plaintiff's employment with Food 4 Less was governed by a

14   collective bargaining agreement between Local 135 and Food 4 Less.  (Compl. ¶ 83.)  Following the

15   allegations of sexual harassment, Plaintiff reported the incident to his union representative in an

16   attempt to initiate the grievance process.  (Compl. ¶ 26-27.)  Although a representative came to the

17   Santee store to discuss this one issue with Plaintiff, no grievance was ever filed.  (Compl. ¶ 27.)  When

18   Plaintiff was suspended on January 7, 2008, he telephoned the union three times requesting a

19   representative accompany him to the store on January 11 because he suspected he might be terminated

20   at that time.  (Compl. ¶ 30.)  Although a representative agreed, he failed to appear and Plaintiff had

21   to return to work without assistance.  (Compl. ¶ 30.)  After his termination on January 11, 2008,

22   Plaintiff again reached out to the union, leaving numerous phone messages over the next three days,

23   but received no response.  (Compl. ¶ 32.)  Finally, Plaintiff and his step-father personally appeared

24   at the union office on January 14, 2008, but the official they spoke with refused to complete a

25   grievance form or otherwise investigate the matter.  (Compl. ¶ 33.)

26   _____

27         [1]Although the Complaint recites a claim for breach of agreement to represent against Local 135
     only, paragraph 82 indicates the claim is made against "all Defendants."  As this discrepancy appears
28   to be the result of a copy-paste error in drafting the Complaint, the court construes the breach of
     agreement to represent as made against Local 135 only.

1   Against Local 135, Plaintiff sets forth claims for:  1) intentional infliction of emotional

2   distress; 2) negligent infliction of emotional distress; 3) breach of the covenant of good faith and fair

3   dealing; 4) breach of an agreement to represent him; and 5) negligently failing to represent him.[2]

4   **II.  DISCUSSION**

5   Local 135's motion urges dismissal of the Complaint under Federal Rule of Civil Procedure

6   ("Rule") 12(b)(6) for failure to state a claim, or in the alternative, to strike claims for damages for

7   emotional distress and for punitive damages.  (Doc. No. 4.)  The motion by Ralphs and Food 4 Less

8   seeks dismissal only of the claims for breach of agreement to terminate and breach of the covenant

9   of good faith and fair dealing.  In essence, both motions track the same arguments:  these state-law

10  claims are preempted by federal labor law and, construed as the appropriate federal claims, are barred

11  by the applicable six-month statute of limitations.

12  **A.  Removal Jurisdiction**

13  Although Plaintiff's Complaint recited only California state law claims, the defendants

14  removed the matter to federal court.  (Doc. No. 1.)  Defendants based their claim to federal jurisdiction

15  on the existence of a federal question under 28 U.S.C. § 1331, arguing several of Plaintiffs' state law

16  causes of action were completely preempted by § 301 the Labor-Management Relations Act

17  ("LMRA"), 29 U.S.C. § 185.

18  Under the "well-pleaded complaint" rule, a federal question exists only where it is apparent

19  on the face of the complaint.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 US. 1,

20  10 (1983); La. & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).  Defenses based on federal

21  law, including preemption defenses, are typically insufficient to support removal jurisdiction.

22  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987); Metro. Life Ins. Co. v. Taylor, 481 U.S.

23  58, 63 (1987).  However, in an exception to the well-pleaded complaint rule, federal preemption of

24  state law claims does confer § 1331 jurisdiction in certain "extraordinary" situations.  Metro. Life, 481

25  U.S. at 64.  Where federal law "*completely* preempts state law, a claim purportedly based on state law

26  _____

27  [2]Although the Complaint recites several claims against Ralphs and Food 4 Less only (First,
    Second, Sixth, and Tenth Causes of Action), the first paragraph in each indicates the claim is made
28  against "all Defendants."  As these discrepancies appear to be the result of copy-paste errors in
    drafting the Complaint, the court construes these claims as made against Ralphs and Food 4 Less only.

1  is considered to be a federal claim from its inception." <u>Ramirez v. Fox Television Station, Inc.</u>, 998

2  F.2d 743, 747 (9th Cir. 1993) (emphasis added); <u>Metro. Life</u>, 481 U.S. at 63-64.

3       The Supreme Court has determined § 301 claims fall into this "complete preemption" category.

4  <u>See</u> <u>Textile Workers Union of Am. v. Lincoln Mills</u>, 353 U.S. 448, 451 (1957) (holding § 301

5  provides federal courts with jurisdiction to preside over controversies involving collective bargaining

6  agreements and to "fashion a body of federal law for the enforcement" of such agreements); <u>Avco</u>

7  <u>Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers</u>, 390 U.S. 557, 560-62

8  (1968) (noting a § 301 claim "is controlled by federal substantive law" and arises "under the 'laws of

9  the United States' within the meaning of the removal statute."). Furthermore, while the language of

10  § 301 is limited to "[s]uits for violation of contracts," courts have interpreted the law's preemptive

11  scope to preclude most state-law actions requiring interpretation of labor agreements. <u>See, e.g.</u>, <u>Allis-</u>

12  <u>Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-11 (1985). As discussed further below, resolution of

13  certain state law claims advanced by Plaintiff would turn on an interpretation of the relevant collective

14  bargaining agreement. Thus, these claims are "completely preempted" by § 301, and removal of the

15  action based on federal question jurisdiction was proper.

16       Local 135 argues Plaintiff's claims against it are artfully pled claims for breach of the union's

17  duty of fair representation and are likewise preempted by § 301 of the LMRA. (Doc. No. 1.) This

18  characterization is partially correct; the LMRA preempts state law claims which are "substantially

19  dependent on an analysis of the terms of" the collective bargaining agreement and to the extent claims

20  against the union rest on such an analysis, § 301 would predominate. <u>Lueck</u>, 471 U.S. at 220.

21  However, some of Plaintiff's claims against the union appear to flow not from the relevant agreement

22  but rather from the federal statutory duty imposed "upon unions by virtue of their status as the

23  workers' exclusive collective bargaining representative," and are instead preempted by the National

24  Labor Relations Act, 29 U.S.C. § 159(a). <u>Adkins v. Mireles</u>, 526 F.3d 531, 539 (9th Cir. 2008); <u>see</u>

25  <u>also</u> <u>United Steelworkers of Am. v. Rawson</u>, 495 U.S. 362, 374 (1990). Regardless of the source of

26  authority, the court enjoys original jurisdiction over these claims as well. 28 U.S.C. § 1337.

27       The remaining state law claims against Ralphs and Food 4 Less involve the same "nucleus of

28  operative facts" as those construed as federal claims and therefore may be heard by this court in its

1   exercise of supplemental jurisdiction.  28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S.

2   715, 725 (1966).

3   **B.  Legal Standards for Motion to Dismiss**

4          A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings.  De

5   La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe

6   the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in

7   the complaint and any reasonable inferences drawn therefrom.  See, e.g., Broam v. Bogan, 320 F.3d

8   1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,

9   the complaint's "factual allegations must be enough to raise a right to relief above the speculative

10  level...."  U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly,

11  550 US 544, 555 (2007).  The court should grant 12(b)(6) relief only if the complaint lacks either a

12  "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  Balistreri v. Pacifica

13  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In testing the complaint's legal adequacy, the court

14  may consider material properly submitted as part of the complaint or subject to judicial notice.  Swartz

15  v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  Furthermore, under the "incorporation by

16  reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and

17  whose authenticity no party questions, but which are not physically attached to the [plaintiff's]

18  pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir.

19  1999) (internal quotation marks omitted).[3]

20  **C.  Analysis**

21          *1.  Motion to Dismiss by Local 135*

22          Local 135 moves to dismiss all five claims against it, arguing all are artfully pled federal

23  claims for the breach of the duty of fair representation.  The court agrees.  Plaintiff seeks damages for

24  the union's failure to file or genuinely pursue any grievance against his employer, or to accompany

25  him to work when he faced uncertain circumstances.  These complaints fall squarely within the scope

26  of the representative relationship between Plaintiff and the union.  See Humphrey v. Moore, 375 U.S.

27

28          [3]To this end, the court may consider the relevant collective bargaining agreement supplied by
    Local 135.  (Doc. No. 4, Exh. A.)

335, 342 (1964) (observing the union's duty applies to administration of a collective bargaining agreement on an employee's behalf). Plaintiff's state law claims against the union are preempted and subject to dismissal.

Even if Plaintiff's claims are recast as federal claims for breach of the union's duty of fair representation, Local 135 contends they are time-barred by the a six-month statute of limitations.  In DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 155 (1983), the Supreme Court concluded the statute of limitations found in § 10(b) of the NLRA, 29 U.S.C. § 160(b), governs in a hybrid § 301/fair representation case against both an employer and a union.  Under Ninth Circuit precedent, the limitations period begins to run when a plaintiff is aware, or should have been aware, the union was not going to pursue his grievance.  Harper v. San Diego Transit Corp., 764 F.2d 663, 669 (9th Cir. 1985).  It appears Plaintiff was aware the union was not going to pursue his claim by January 14, 2008, but waited until March 2009 to file his action in state court.  (Compl. at 1.)  Plaintiff waited too long to initiate this action.[4]  The court therefore  grants Local 135's motion and dismisses the five claims against it.

### 2. Motion to Dismiss by Ralphs and Food 4 Less

Ralphs and Food 4 Less move to dismiss Plaintiff's Sixth Cause of Action for Breach of the Agreement Not to Terminate and Seventh Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing as preempted by federal law and barred by the statute of limitations.  These claims expressly call into question the terms of the collective bargaining agreement and, as discussed above, are completely preempted by § 301 of the LMRA.  Considered as § 301 claims, the six-month statutory period comes into play; Plaintiff's Complaint was filed beyond that statutory grace period.  Accordingly, the court grants the motion by Ralphs and Food 4 Less to dismiss the Sixth and Seventh Causes of Action against them.

---

[4]Local 135 also contends Plaintiff has failed to state a claim as a matter of law.  To survive a motion to dismiss on this breach of duty claim, Plaintiff must allege facts sufficient to show the union breached its duty with conduct that is arbitrary, discriminatory, or in bad faith.  Rawson, 495 U.S. at 372-73.  Allegations of negligence are insufficient.  Id.  Of particular relevance to this action, "[a] union breaches its [duty] if it ignores a meritorious grievance or processes it in a perfunctory manner." Cokle v. Jeong, 73 F.3d 909, 916 (9th Cir. 1995) (citing Vaca v. Sipes, 386 U.S. 171, 191 (1967)). However, because Plaintiff's claims against the union are time-barred, the court declines to address their substance.

**D.  Remand to State Court**

If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Those claims in the Complaint which have been identified as disguised federal claims have been dismissed, leaving only state law claims pending in this action.  The court is therefore without subject matter jurisdiction over the remaining state law causes of action and therefore remands those claims to state court.

**III.  CONCLUSION**

For the reasons set forth above, the court GRANTS the motions to dismiss by Local 135 (Doc. No. 4)[5] and Ralphs and Food 4 Less (Doc. No. 9.)  In addition, the following causes of action are hereby **DISMISSED**:

1) Plaintiff's Fourth Cause of Action for Intentional Infliction of Emotional Distress against Local 135;

2) Plaintiff's Fifth Cause of Action for Negligent Infliction of Emotional Distress against Local 135;

3) Plaintiff's Sixth Cause of Action for Breach of Agreement not to Terminate against Ralphs and Food 4 Less;

4) Plaintiff's Seventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing against Local 135, Ralphs, and Food 4 Less;

5) Plaintiff's Eighth Cause of Action for Breach of an Agreement to Represent against Local 135; and

6) Plaintiff's Ninth Cause of Action for Negligence against Local 135.

The remaining state law claims, which include Plaintiff's First, Second, Third, Fourth, Fifth, Ninth, and Tenth Causes of Action against Ralphs and Food 4 Less, are hereby **REMANDED** to state court.  The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED:  June 3, 2009

Hon. Jeffrey T. Miller
United States District Judge

_____

[5]Because of the disposition of Local 135's motion to dismiss, the court declines to rule on Local 135's alternative motion to strike claims for certain damages.